```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF TENNESSEE
                    NASHVILLE DIVISION
```

BARRETT C. DEAL                      )
                                     )
v.                                   )  No. 3:06-0576
                                     )  Judge Nixon/Bryant
MICHAEL J. ASTRUE, Commissioner of   )
Social Security[1]                   )

To:  The Honorable John T. Nixon, Senior Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

This is a civil action filed pursuant to 42 U.S.C. §405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying plaintiff disability insurance benefits (DIB) and supplemental security income (SSI), as provided under Titles II and XVI of the Social Security Act, as amended.  Currently pending are plaintiff's motion for judgment on the administrative record (Docket Entry No. 16) and defendant's motion for entry of judgment reversing and remanding the cause (Docket Entry No. 27).  Plaintiff has filed a response to defendant's motion (Docket Entry No. 28).  For the reasons stated below, the Magistrate Judge recommends that plaintiff's motion be DENIED, that defendant's motion be GRANTED, and that

---

[1] Michael J. Astrue replaced Jo Anne B. Barnhart as the Commissioner of Social Security on February 12, 2007, and is "automatically substituted" as party defendant in this case, pursuant to Fed.R.Civ.P. 25(d)(1).

1

the Commissioner's decision be REVERSED and the cause REMANDED for further proceedings consistent with this report.

**II. Discussion**

Defendant, in his motion for remand, concedes this litigation to plaintiff, admitting that the decision of the Administrative Law Judge ("ALJ") is indefensible as written. Defendant states that he "believes that remand is appropriate in order to (1) update the medical record, (2) obtain medical expert testimony, and (3) permit a new hearing." (Docket Entry No. 27 at 1) In opposition to this motion, plaintiff argues that the requested remand is not justified because the current record adequately establishes his entitlement to benefits, and that even if remand for further factfinding is in order, the agency should be specifically instructed to proceed in a manner which acknowledges the errors which plaintiff claims to have been made on the ALJ's first pass. (Docket Entry No. 28 at 2-3)

In <u>Faucher v. Secretary H.H.S.</u>, 17 F.3d 171 (6th Cir. 1994), the Sixth Circuit Court of Appeals addressed the issue of ". . . what a district court should do once a determination is made that an ALJ erroneously applied the regulations and the [Commissioner]'s denial of benefits therefore must be reversed", concluding that a remand for further fact-finding is appropriate unless ". . . all essential factual issues have been resolved and

2

the record adequately establishes a plaintiff's entitlement to benefits." Id. at 173, 176. Moreover, the Faucher court stated that

> [W]hen the [Commissioner] misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. ... A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking.

Id. at 175-176 (citing Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985)).

Here, defendant's motion for remand is properly made under the fourth sentence of 42 U.S.C. § 405(g), which states that the district court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." While the parties agree that reversal of the Commissioner's decision is warranted here, plaintiff's entitlement to benefits is not so clearly established as to warrant a judicial award of benefits in lieu of the requested remand. While plaintiff contends that the opinions of his treating specialists are sufficient to establish disability, the undersigned cannot agree. Indeed, the issues of noncompliance with prescribed treatment and the contributing effects of alcohol

3

abuse[2] which have thus far permeated the disability determination make this case particularly ill suited to a judicial award of benefits. Remand for further administrative proceedings is therefore in order.

However, the undersigned would not be inclined to direct the agency's post-remand proceedings in the fashion urged by plaintiff, with instructions to cure every error alleged in plaintiff's papers by, in essence, following applicable regulatory and decisional law. Rather, the undersigned concludes that the agency should be instructed on remand (1) to engage in such further factfinding as the ALJ deems appropriate, including obtaining such expert medical testimony as the ALJ in his discretion may deem necessary, see 20 C.F.R. § 404.1527(f)(2)(iii); and, (2) to rehear the matter and render a new decision which accounts for plaintiff's combination of medically determinable impairments, including his alcoholism, in accord with 20 C.F.R. § 404.1535 and, e.g., Williams v. Barnhart, 338 F.Supp.2d 849 (M.D. Tenn. 2004).

---

[2]Prior to applying for benefits beginning September 1, 1999, plaintiff had been receiving benefits pursuant to a finding of disability since June 16, 1994, due to alcohol abuse. Following the March 29, 1996 statutory exclusion of drug and alcohol addiction as a disabling condition, Pub. L. 104-121, § 105, 42 U.S.C. § 423(d)(2)(C), plaintiff's benefits were terminated effective January 1, 1997 (Tr. 157). The ALJ in the decision appealed in this case noted that "[t]he record is replete with evidence of non-compliance with medication, failure to keep scheduled mental health appointments, and significant alcohol abuse," and further that "[t]he record contains numerous inconsistencies concerning the claimant's alcohol consumption." (Tr. 25)

4

### III. Recommendation

In light of the foregoing, the Magistrate Judge recommends that plaintiff's motion for judgment on the administrative record be DENIED, that defendant's motion for judgment under sentence four of 42 U.S.C. § 405(g) with remand be GRANTED, and that the Commissioner's decision be REVERSED and the cause REMANDED for further proceedings consistent with this report.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

ENTERED this 13th day of March, 2007.

    s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE