IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARRETT C. DEAL,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 3:06-0576<br>Judge Nixon<br>Magistrate Judge Bryant |

## ORDER

Pending before the Court is Plaintiff's Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 16), filed with an accompanying brief in support (Doc. No. 17), to which no response has been filed. Also pending before the Court is Defendant's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g), With Remand to Defendant ("Defendant's Motion") (Doc. No. 12), to which Plaintiff filed a Response (Doc. No. 28). Magistrate Judge Bryant ("Magistrate Judge") has issued a Report and Recommendation ("Report") (Doc. No. 39) that Plaintiff's Motion be denied, that Defendant's Motion be granted, and that the Court reverse and remand the matter for further proceedings. Plaintiff filed his Objections ("Objections") to the Magistrate Judge's Report. Upon review of the Magistrate Judge's Report and for the reasons stated below, the Court **REVERSES** and **REMANDS** the matter for further proceedings consistent with this opinion.

I.    PROCEDURAL BACKGROUND

In April 2002, Barrett Deal ("Deal" or "Plaintiff") applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). The following month, Plaintiff also applied for Disability Insurance Benefits ("DIB") under Title II of the Act, stating that he was disabled due to multiple sclerosis, high blood pressure, schizophrenia, paranoia, depression and arthritis. (Tr. 24) After both applications were denied initially and upon reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 434) On July 27, 2005, the ALJ issued a decision denying benefits. (Tr. 23-31) Plaintiff sought appellate review of the decision, which was denied on April 14, 2006, and consequently, the ALJ decision became the final decision of the Commission of Social Security ("Commissioner" or "Defendant"). (Tr. 12-15)

Plaintiff timely filed this action to obtain judicial review of the Commissioner's final decision. The Court has jurisdiction under 42 U.S.C. § 405(g). Plaintiff moves the Court to reverse the Commissioner's final decision and award SSI and DIB benefits. Alternatively, Plaintiff requests that the Court reverse the Commissioner's final decision and remand the case for further administrative proceedings. (See Doc. Nos. 1, 17) Plaintiff's Motion raises six (6) arguments to support his assertion that the Administrative record establishes that he is clearly disabled, namely: (1) that he has borderline intellectual functioning, which was not accounted for by the ALJ; (2) that the ALJ improperly evaluated Plaintiff's substance abuse; (3) that the ALJ erroneously evaluated Plaintiff's medical treatment, particularly his compliance with prescribed treatment; (4) that the ALJ improperly rejected the opinion of a treating physician, Dr. Lynch, and failed to give sufficient reason for disregarding the opinion; (5) that the ALJ erroneously

rejected the opinion of another treating physician, Dr. Duncan, and failed to give sufficient reason for disregarding the opinion; and (6) that the ALJ failed to comply with Social Security Ruling ("SSR") 00-4p, which requires the ALJ to whether ask a testifying vocational expert's testimony was consistent with the Dictionary of Occupational Titles ("DOT"). (Doc. No. 17)

In Defendant's Motion, the Commissioner concedes that the decision to deny disability benefits should be reversed and remanded for further evaluation. For cause, the Defendant would show that the agency believes that remand is appropriate in order to update the medical record, obtain medical expert testimony, and permit a new hearing before an ALJ. (Doc. No. 27)

The Court referred this matter to the Magistrate Judge. On March 13, 2007, the Magistrate Judge recommended that Plaintiff's Motion be denied, Defendant's Motion be granted, and for the Court to reverse the Commissioner's decision and remand the cause for further proceedings. The Magistrate Judge further concluded that upon remand, the agency should be instructed to engage in further factfinding as the ALJ deems appropriate, "including obtaining such expert medical testimony as the ALJ in his discretion may deem necessary" and to rehear the matter and render a new decision that accounts for Plaintiff's combination of medically determinable impairments, "including [Plaintiff's] alcoholism, in accord with 20 C.F.R. § 404.1535 and, e.g., Williams v. Barnhart, 338 F. Supp. 2d 849 (M.D. Tenn. 2004)." (Doc. No. 29 at 3-4)

Plaintiff timely filed his Objections to the Magistrate Judge's findings. (Doc. No. 30) In his Objections, Plaintiff first contends that, whereas the Magistrate Judge only recommended specific direction on remand regarding one (1) of Plaintiff's issues, the Court should order the ALJ on remand to account for all six (6) issues raised in his Motion for Judgment on the

Administrative Record. Plaintiff also asserts that the evidence in the record is sufficient for the Court to determine that Plaintiff is clearly disabled and award him benefits. Finally, Plaintiff argues that the Magistrate Judge misstated the recommended relief in his Report. Plaintiff argues that the Report, if adopted, would actually result in a partial granting of Plaintiff's Motion – because Plaintiff's Motion requests reversal and remand with specific instructions as alternative relief – and partial denial of Defendant's Motion – because the Report's recommended instructions upon remand are not consistent with the reasons for remand as described in Defendant's Motion.

## II. STANDARD OF REVIEW

The Court's review of the portions of the Report to which Plaintiff objects is *de novo*. 28 U.S.C. § 636(b). The Court's review is limited to "a determination of whether substantial evidence exists in the record to support the Secretary's decision and to a review for any legal errors." Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, an ALJ's decision will be upheld if it is supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a mere scintilla of evidence, but less than a preponderance." Bell v. Comm'r of Soc. Sec., 105 F.3d 244, 245 (6th Cir. 1996) (citing Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). Moreover, even if the evidence could also

support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389 (6th Cir. 1999) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

*A.  Plaintiff Objects to the Magistrate Judge's Report on the Ground That It Does Not Provide Sufficient Guidance to the ALJ on Remand*

Plaintiff first argues that the ALJ should be ordered explicitly to correct during post-remand proceedings the six (6) errors identified in Plaintiff's Motion, and that the Court should disregard the Magistrate Judge's recommended instructions because it only addresses one issue – the treatment of Plaintiff's substance use. (Doc. No. 30 at 1-4) In his report, the Magistrate Judge specifically declined to suggest instructions that would cure every error alleged by the Plaintiff. Rather, the Magistrate Judge recommended that the Court provide broader instruction to the ALJ to render a new decision that accounts for Plaintiff's combination of impairments, including his alcoholism, in accord with 202 C.F.R.§ 404.1535, which governs the treatment of substance use. (See Doc. No. 29 at 4)

Upon review of the record, the Court agrees with the Magistrate Judge's recommended instructions, and declines to give more specific instructions regarding the remaining five (5) issues raised by Plaintiff. The ALJ is certainly aware that all factual findings must be supported by substantial evidence and conform to applicable law, see Cumberland River Coal Co. v. Caudill, 307 Fed. Appx. 529, 532 (6th Cir. 2006), and the Court will not supplant the ALJ's role in post-remand proceedings by providing step-by-step orders as suggested by Plaintiff.

Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation with respect to the instructions to the ALJ on remand.

> B. *Plaintiff Objects to the Magistrate Judge's Report on the Ground That It Does Not Recommend Finding Him Clearly Disabled on the Existing Record*

Although Plaintiff states in his Objections that he assumes the Court will grant a remand for further administrative proceedings, Plaintiff alternatively urges the Court to reject the Report, and find that he was clearly disabled and entitled to benefits. (Doc. No. 30 at 5-6) The Magistrate Judge concluded in his Report that Plaintiff's entitlement to benefits was not clearly established on the record, noting in particular that "the issues of noncompliance with prescribed treatment and the contributing effects of alcohol abuse . . . make this case particularly ill suited to a judicial award of benefits." (Doc. No. 29 at 4)

If a court determines that substantial evidence does not support the Commissioner's decision, the court can reverse the decision and "immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Faucher v. Sec'y of Health and Human Servs., 17 F.3d 171, 173 (6th Cir. 1994). Put another way, "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." Id. at 176.

Reviewing the record *de novo*, the Court agrees with the Magistrate Judge that Plaintiff's entitlement to benefits is not clearly established on the record. The Court finds that the evidence supporting Plaintiff's claims of disability is neither overwhelming nor without contrary evidence.

Case 3:06-cv-00576 Document 31 Filed 11/08/07 Page 6 of 8 PageID #: 107

The Court finds that a remand rather than a judicial award of benefits is more appropriate in the instant case.

### C. *Plaintiff Objects to the Magistrate Judge's Report Because The Report Misstates the Recommended Relief*

Finally, while not specifically described as an Objection, Plaintiff nevertheless contends that the Magistrate Judge mischaracterized the recommended relief as a recommendation to deny Plaintiff's Motion and grant Defendant's Motion. Rather, Plaintiff argues that the Magistrate Judge's recommendation is more accurately characterized as a grant in part, deny in part with respect to both Plaintiff's Motion and Defendant's Motion. Plaintiff reasons that the adoption of the Magistrate Judge's recommendation to reverse and remand with the specified instructions for further proceedings constitutes a grant in part of Plaintiff's Motion because he requests that the Court reverse and remand the proceedings as alternative relief, and seeks specific instructions with respect to substance use. Additionally, Plaintiff contends that "the Magistrate Judge disagreed with the Commissioner insofar as the Magistrate Judge (I) recommended ruling that the Court order the ALJ on remand to follow the proper method for evaluating substance use and (ii) did not recommend ordering the ALJ on remand to obtain medical-expert testimony," therefore an adoption of the recommended instructions constitutes a grant in part and deny in part of Defendant's Motion. (Doc. No. 30 at 5)

The Court agrees with Plaintiff that a reversal of the Commissioner's decision and a remand for a rehearing is consistent with the alternative relief requested in Plaintiff's Motion. The Court, however, does not find the Magistrate Judge's Report to be inconsistent with Defendant's Motion, which simply requests that this case be reversed and remanded. Defendant

-7-

states in his Motion that he believes a remand is appropriate in order to update the record, obtain medical testimony, and to permit a new hearing. The Magistrate Judge's recommendation covers identical ground, proposing that the ALJ engage in further factfinding as deemed appropriate, including obtaining expert medical testimony, and recommending a rehearing. Accordingly, while the Court generally adopts the Magistrate Judge's Report, it declines to follow the Report to the extent that it recommends the Court to deny Plaintiff's Motion in its entirety.

### IV. CONCLUSION

After review, the Court **ADOPTS in part** the Report set forth by the Magistrate Judge. The Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion for Judgment on the Administrative Record. The Court **GRANTS** Plaintiff's request for the Court to reverse the Commissioner's decision and remand for further administrative proceedings, and **DENIES** all remaining parts of Plaintiff's Motion. Furthermore, the Court **GRANTS** Defendant's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) With Remand to Defendant. Accordingly, pursuant to sentence four (4) of 42 U.S.C. § 405(g), the decision of the Social Security Administration is **REVERSED** and this case is **REMANDED** for proceedings consistent with this decision.

It is so ORDERED.

Entered this the \_\_6th\_\_ day of November, 2007.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Case 3:06-cv-00576   Document 31   Filed 11/08/07   Page 8 of 8 PageID #: 109